UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BETHESDA SLAVIC CHURCH,<br><br>        Plaintiff,<br><br>  v.<br><br>ASSEMBLIES OF GOD LOAN FUND, et al.,<br><br>        Defendants. | CASE NO. C12-5175BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION AND DENYING DEFENDANTS' MOTION TO STRIKE |

      This matter comes before the Court on Plaintiff Bethesda Slavic Church's ("Church") motion for a preliminary injunction (Dkt. 13) and Defendants Assemblies of God Loan Fund ("AG Loan Fund") and Assemblies of God Financial Services Group, d/b/a AG Financial Solutions' ("AG Financial Solutions ") (collectively "AG Defendants") motion to strike (Dkt. 22).  The Court has reviewed the briefs filed in support of and in opposition to the motions, heard oral argument of counsel on April 10, 2012, and considered the remainder of the file and hereby grants the Church's motion for a preliminary injunction and denies the AG Defendants' motion to strike for the reasons stated herein.

## I.  PROCEDURAL HISTORY

      On February 22, 2012, the Church filed a verified complaint in the Superior Court for the State of Washington in and for Clark County against the AG Defendants, Fidelity National Title Insurance Company ("Fidelity"), and Does 1-20 ("Defendants").  Dkt. 1, ¶ 1.  The Church requests declaratory and injunctive relief, quiet title, and asserts five

ORDER - 1

causes of action: (1) violations of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"), (2) common law fraud, (3) aiding and abetting, (4) violations of the Washington Escrow Agent Registration Act, RCW Chapter 18.44 ("EARA"), and (5) slander of title. *Id*., Exh. 1 ("Complaint").

The Church also filed an ex parte motion for temporary restraining order to enjoin a Trustee's Sale that was scheduled for February 24, 2012. Dkt. 1-1 at 53. The Church asserts that the state court granted the temporary restraining order. Dkt. 12.

On February 29, 2012, the AG Defendants removed the matter to this Court. Dkt. 1.

On March 12, 2012, the Church filed an emergency motion for continued enforcement of the temporary restraining order and for a preliminary injunction. Dkt. 13. On March 13, 2012, the Court set a hearing for the emergency motion. Dkt. 12. On March 14, counsel for the Church informed the Court that the emergency motion was withdrawn. Dkt. 16. The Court struck the hearing, noted the preliminary injunction for consideration on the Court's April 6, 2012 calendar, and set the preliminary injunction for hearing on April 10, 2012. On April 2, 2012, the AG Defendants and Fidelity responded. Dkts. 22 & 23. The AG Defendants included a motion to strike in their response. Dkt. 22 at 11–12. The Church did not reply.

## II. FACTUAL BACKGROUND

The Church is a non-profit corporation registered in the state of Washington. Complaint, ¶ 12. Defendant AG Loan Fund is a non-profit Section 501(C)(3) company that provides loans in connection with church-related projects. Dkt. 25, Declaration of Joshua Bartlotti ("Bartlotti Decl."), ¶ 3. AG Loan Fund has approximately $1.1 billion in assets, much of which represents the retirement savings of various ministers and missionaries at certain Assemblies of God churches. *Id*., ¶ 4. Defendant Assemblies of

ORDER - 2

God Financial Services Group ("AG Financial Services") is a 501(C)(3) company which manages loans of AG Loan Funds pursuant to a management agreement. *Id*., ¶ 6.

On January 28, 2008, the Church executed an Adjustable Rate Secured Note in the principal amount of $4,002,000 ("Note") and a Deed to Trust, Assignment of Leases and Rents and Security Agreement ("Deed of Trust") with respect to a certain property at 11910 154th Street in Brush Prairie, Washington (the "Property"). Dkt. 29, Declaration of Tammy Parnell ("Parnell Decl."), ¶ 7. The Deed of Trust gave AG Loan Fund the right to foreclose if the Church defaulted on the 2008 Note. Complaint, Ex. B. AG Loan Fund caused the Deed of Trust to be recorded in Clark County, Washington. Bartlotti Decl., ¶ 11. The 2008 Note was a refinance of the Church's earlier note in 2006 with AG Loan Fund. *Id*., ¶ 10. The proceeds of the 2006 note were used by the Church to build a church on the Property. *Id*. The Church obtained the 2008 Note to pay for cost overruns that arose during the construction process. *Id*., ¶ 11. AG Loan Fund made a series of advances on the 2008 Note over the following two years as construction was completed. *Id*., ¶ 11.

The 2008 Note was funded with assets of AG Loan Fund, and the Note has never been assigned. *Id*., ¶ 14. AG Loan Fund is, and has always been, the entity that is owed all amounts due under the 2008 Note and is and has always been the possessor, owner, and holder of the 2008 Note. Parnell Decl., ¶ 7. AG Loan Fund has always had the ability to satisfy and cancel the 2008 Note if the 2008 Note were paid in full. Bartlotti Decl., ¶ 15. AG Loan Fund has never received any payment on the 2008 Note from any party other than the Church. Parnell Decl., ¶ 10. After the 2008 Note was issued, it was modified several times when the Church and AG Loan Fund entered into three Allonges which became part of the 2008 Note. Bartlotti Decl., ¶ 13, Ex. 4.

After the 2008 Note was funded, the Church made multiple payments to AG Loan Fund. *Id*., ¶ 17. The Church then made a series of incomplete payments and failed to

make other payments due under the 2008 Note. Parnell Decl., ¶ 11. As a result, on or about July 1, 2011, a Notice of Default was issued to the Church. *Id*. On or about September 14, 2011, foreclosure proceedings began. *Id*. The foreclosure sale was continued several times and is now set for April 13, 2012. *Id*.

## III.  DISCUSSION

**A.     Motion to Strike**

AG Defendants move to strike the Church's verified complaint and the Declaration of Victor Mikityuk (Dkt. 14) because (1) neither document is submitted under penalty of perjury and (2) the documents are not based on personal knowledge and contain hearsay. Dkt. 22 at 11–12. First, both documents contain a statement that they are submitted under penalty of perjury. *See* Dkt. 1-1 at 18, line 14, & Dkt. 14, ¶ 1. Second, the Court will set forth the evidence it relies upon in issuing this order and declines to decide each evidentiary objection. Therefore, the Court denies the AG Defendants' motion to strike.

**B.     Preliminary Injunction**

In enacting the DTA, the Washington legislature sought to promote three primary goals: "(1) that the nonjudicial foreclosure process should be efficient and inexpensive; (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and (3) that the process should promote stability of land titles." *Plein v. Lackey*, 149 Wn.2d 214, 225 (2003). The DTA must be construed in favor of borrowers because of the relative ease with which lenders can forfeit borrowers' interests and the lack of judicial oversight in conducting nonjudicial foreclosure sales. *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 915–16 (2007).

The DTA permits the borrower or grantor, among others, to restrain a trustee's sale by court action "on any proper legal or equitable ground." RCW 61.24.130(1). The DTA does not define what constitutes proper grounds for restraint. If the Court grants an injunction, the Court shall require "the applicant pay to the clerk of the court the sums

ORDER - 4

1  that would be due on the obligation secured by the deed of trust if the deed of trust was
2  not being foreclosed . . . ." RCW 61.24.130(1).  "In the case of default in making the
3  periodic payment of principal, interest, and reserves, such sums shall be the periodic
4  payment of principal, interest, and reserves paid to the clerk of the court every thirty
5  days."  RCW 61.24.130(1)(a).  Moreover, the DTA allows a court to "condition granting
6  the restraining order or injunction upon the giving of security by the applicant, in such
7  form and amount as the court deems proper . . . ."  RCW 61.24.130(1)(b).

    In this case, the Church has persuaded the Court that, at the very least, defendants
have not complied with RCW 61.24.130(3) after the temporary restraining order issued in
state court dissolved.  Moreover, the Church has also alleged and defendants have not
offered competent contrary evidence that the defendants properly postpone the trustee's
sale pursuant to the Deed of Trust based on the original notice of default and/or notice of
trustee's sale.  *See* Deed of Trust § 3.3.  Construing the statutory requirements in favor of
the Church, as the Court must do, the Court finds that a proper legal ground to enjoin the
sale is to ensure that defendants comply with the statutory process of the DTA.  It should
be noted that the Court is not currently pursuaded that the foreclosure can be prevented
based on the merits of the Church's claims; the Church has only persuaded the Court that
the current trustee's sale should be enjoined and reset so that the defendants may strictly
comply with the provisions of the DTA.

    With regard to the posting of security in this matter, the AG Defendants contend
that the Court should require the Church to post security in the total amount of missed
principal, interest, and late payments, which is $534,834.73 as of April 10, 2012.  Dkt. 22
at 6.  The DTA, however, only requires the "periodic payment of principal, interest, and
reserves" paid every 30 days.  The AG Defendants state that this amount would be
$35,251.08 per month.  Parnell Decl., ¶ 11.  Therefore, the Court requires the Church to

ORDER - 5

pay this amount to the clerk of the Court every 30 days beginning on Thursday April 12, 2012 at 4:30PM.

**C.   Dissolution**

This order shall automatically dissolve if the Church fails to make its first payment on Thursday, April 12, 2012, by 4:30PM or any payment thereafter. If payments are properly made, any defendant may file a motion to dissolve this injunction. While not necessary, it would be helpful to the Court to submit a plan to conduct a new trustee's sale that complies with 64.24.130(3)(a) & (b).

### IV.  ORDER

Therefore, it is hereby **ORDERED** that the AG Defendants' motion to strike (Dkt. 22) is **DENIED** and the Church's motion for a preliminary injunction (Dkt. 13) is **GRANTED**.

DATED this 10th day of April, 2012.

BENJAMIN H. SETTLE  
United States District Judge

ORDER - 6