UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BETHESDA SLAVIC CHURCH,

          Plaintiff,

   v.

ASSEMBLIES OF GOD LOAN FUND, et al.,

          Defendants.

CASE NO. C12-5175 BHS

ORDER DENYING AS MOOT DEFENDANTS' MOTION TO CLARIFY AND DISSOLVE PRELIMINARY INJUNCTION

This matter comes before the Court on Defendants Assemblies of God Loan Fund and Assemblies of God Financial Services Group's ("AG Defendants") motion to clarify and dissolve preliminary injunction (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion as moot for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 22, 2012, Plaintiff Bethesda Slavic Church ("Church") filed a complaint in the Superior Court for the State of Washington in and for Clark County against the AG Defendants, Fidelity National Title Insurance Company, and Does 1–20 Dkt. 1, ¶ 1. The Church also filed an ex parte motion for temporary restraining order to enjoin a Trustee's sale that was scheduled for February 24, 2012. Dkt. 1-1 at 53. The state court granted the temporary restraining order. *See* Dkt. 12.

1   On February 29, 2012, the AG Defendants removed the matter to this Court. Dkt. 1.

2   On March 12, 2012, the Church filed an emergency motion for a temporary restraining order and preliminary injunction. Dkt. 13. On March 14, 2012, the Church informed the Court that it withdrew its motion for a temporary restraining order, but still requested a preliminary injunction. *See* Dkt. 16. On April 2, 2012, the AG Defendants responded. Dkt. 22.

3   On April 10, 2012, the Court held a hearing on the motion and considered oral argument of counsel. *See* Dkt. 34. That same day, the Court granted the Church's motion for a preliminary injunction and required the Church to post a bond in the amount of the monthly payments of the loan. Dkt. 33. The Court required "the Church to pay this amount to the clerk of the Court every 30 days beginning on Thursday April 12, 2012 at 4:30PM." *Id*. at 5–6. The Court also ordered that the injunction "shall automatically dissolve if the Church fails to make its first payment on Thursday, April 12, 2012, by 4:30PM or any payment thereafter." *Id*. at 6.

4   On April 12, 2012, the Church deposited the first payment with the clerk in the amount of $35,251.08. The Church did not deposit a second payment 30 days later.

5   On May 3, 2012, the AG Defendants filed a motion to clarify and dissolve the preliminary injunction. Dkt. 35. On May 14, 2012, the Church responded. Dkt. 37. On May 16, 2012, the AG Defendants replied. Dkt. 39.

ORDER - 2

## II. DISCUSSION

With regard to the preliminary injunction, it automatically dissolved when the Church failed to make the second payment. Therefore, the Court denies the AG Defendants' motion as moot.

With regard to the AG Defendants' foreclosure plan (Dkt. 35, Exh. 1), the Court declines to either affirm or deny that the plan conforms to the applicable provisions of the Washington Deed of Trust Act ("DTA").

With regard to the Church's request that the Court order the return of the initial payment of $35,251.08, the Church's request for affirmative relief is improperly presented in a response brief. Moreover, the payment shall remain in the Court's registry until the ultimate determination on the merits of the Church's claim that the AG Defendants' April 13, 2012 foreclosure violated the DTA. The Court notes that, in issuing the preliminary injunction, the Court found that the Church was likely to succeed on the merits of this claim. At this time, however, the Court denies the Church's request.

## III. ORDER

Therefore, it is hereby **ORDERED** that the AG Defendants' motion to clarify and dissolve preliminary injunction (Dkt. 35) is **DENIED as moot**.

Dated this 25th day of May, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge