1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8  BETHESDA SLAVIC CHURCH,

9              Plaintiff,

CASE NO. C12-5175 BHS

10        v.

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
DISMISS AND GRANTING
PLAINTIFF LEAVE TO AMEND

11  ASSEMBLIES OF GOD LOAN FUND,
    et al.,
12
              Defendants.
13

14

This matter comes before the Court on Defendants Assemblies of God Loan Fund
and Assemblies of God Financial Services Group's (collectively, the "AG Defendants")
motion to dismiss (Dkt. 36). The Court has considered the pleadings filed in support of
and in opposition to the motion and the remainder of the file and hereby grants in part
and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On February 22, 2012, Plaintiff Bethesda Slavic Church's ("Church") filed a
verified complaint in the Superior Court for the State of Washington in and for Clark

1  County against the AG Defendants, Fidelity National Title Insurance Company
2  ("Fidelity"), and Does 1-20 ("Defendants").  Dkt. 1, ¶ 1.  The Church requests
3  declaratory and injunctive relief, quiet title, and asserts eight "Counts."  *Id*., Exh. 1
4  ("Complaint").  On February 29, 2012, the AG Defendants removed the matter to this
5  Court.  Dkt. 1.
6        On May 4, 2012, the AG Defendants filed a motion to dismiss Counts I–IV, VI,
7  and VII.  Dkt. 36.  On May 30, 2012, the Church responded.  Dkt. 43.  On June 4, 2012,
8  the AG Defendants replied.  Dkt. 44.

## II. DISCUSSION

**A.  Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.  When deciding a motion to dismiss, the Court's consideration is limited to the pleadings.  Fed. R. Civ. P. 12(d).

**B.    Count I**

In Count I, the Church alleges a violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA").  Complaint, ¶¶ 48–57.  The AG Defendants move to dismiss this claim for numerous reasons, including that the claim is time barred.  Dkt. 36 at 3–5.  Private CPA actions must be commenced within four years after the cause of action accrues.  RCW 19.86.120.

In this case, there is no dispute that the Church filed the action four years and two months after it entered into the loan.  The Church, however, asserts that "[t]hree theories have been used by other circuits to determine when the statutory period commences . . . ."  Dkt. 43 at 6.  The authorities provided by the Church are not persuasive, and the Church has failed to show that tolling of the statute of limitation is appropriate.  Therefore, the Court grants the AG Defendants' motion to dismiss the Church's CPA claim because the claim is time barred.

**C.    Counts II & III**

In Counts II and III, the Church alleges fraud and aiding and abetting fraud.  Complaint, ¶¶ 58–79.  The AG Defendants move to dismiss the fraud claim as time barred and the aiding and abetting claim because it is based on the fraud claim.  Dkt. 36 at 5–6.  The Church counters that the limitation period should be tolled because it did not discover the fraud until 2010.  Dkt. 43 at 7.  This is an issue of fact that may be resolved on summary judgment:

> If the running of the statute of limitations depends upon when the plaintiff became aware, or should have become aware, of a fraud, questions of fact are usually involved.  *Kubik v. Goldfield*, 479 F.2d 472, 477 & n.12

(3d Cir. 1973). However, reasonable diligence is tested by an objective standard, *Fox v. Kane-Miller Corp.*, 542 F.2d 915, 917 (4th Cir. 1976), and when uncontroverted evidence irrefutably demonstrates plaintiff discovered or should have discovered the fraudulent conduct, the issue may be resolved by summary judgment.

*Kramas v. Security Gas & Oil Inc.*, 672 F.2d 766, 770 (9th Cir. 1982). Therefore, the Court denies the AG Defendants' motion to dismiss these claims.

**D.     Count IV**

In Count IV, the Church alleges violations of the Washington Escrow Agent Registration Act, RCW Chapter 18.44 ("EARA"). Complaint, ¶¶ 80–85. The AG Defendants move to dismiss this claim because the Church has failed to include allegations that the AG Defendants are escrow agents. Dkt. 36 at 6. Upon review of the Complaint, the Court agrees with the AG Defendants. Moreover, the Church failed to oppose the AG Defendants' motion, which the Court considers an admission that the motion has merit. Local Rule 7(b)(2). Therefore, the Court grants the AG Defendants' motion on this claim.

**E.     Count VI**

In Count VI, the Church asserts a quiet title action. Complaint, ¶¶ 96–98. The AG Defendants move to dismiss this claim arguing that a deed of trust only creates a secured interest in real property and not a right of ownership or possession. Dkt. 36 at 6. A quiet title action is designed to resolve competing claims of ownership or the right of property possession. *See Kobza v. Tripp*, 106 Wn. App. 90, 95 (2001). Under RCW 7.28.230(1), deeds of trust and mortgages create only a secured lien on real property. They do not convey ownership or a right to possess. Therefore, the Court grants the AG

Defendants' motion to dismiss this claim because the Church does not have any right to possession or ownership of the property in question.

**F.    Count VII**

In Count VII, the Church asserts a claim for slander of title. Complaint, ¶¶ 99–101. The AG Defendants move to dismiss this claim because the Church has failed to allege sufficient facts under each element of the cause of action. Dkt. 36 at 6. Slander of title is the employment of false words regarding a pending sale of property, published maliciously with the purpose of defeating plaintiff's title. *See Rogvig v. Douglas*, 123 Wn.2d 854, 859 (1994). The slander must result in plaintiff's financial loss. *Id*.

In this case, the Church has failed to provide sufficient allegations to support this legal theory of relief. For example, the Church has failed to allege that it has suffered financial loss as a result of the alleged false words. Even in its response, the Church refers only to damage to its reputation and "its financial ability to prosper from its financial investment . . . ." Dkt. 43 at 8. Without additional explanation or supporting allegations, an impact on the ability to prosper is not a sufficient financial loss. Therefore, the Court grants the AG Defendants' motion to dismiss this claim.

**G.    Relief**

In the event the Court finds that dismissal is warranted, the Court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "A proposed amendment is futile only if *no set of facts* can be proved under the amendment to the pleadings that would

constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citation omitted, emphasis added).

In this case, the Church requests leave to amend its complaint. Dkt. 36 at 2. The Court finds that any amendment to the Church's CPA claim, EARA claim, or quiet title claim will be futile. The Church, however, should be permitted leave to amend its slander of title claim because the Court dismissed the claim based on insufficient factual allegations. Therefore, the Church is granted leave to amend only its slander of title claim.

### III. ORDER

Therefore, it is hereby **ORDERED** that the AG Defendants' motion to dismiss (Dkt. 36) is **GRANTED in part** and **DENIED in part** as stated herein. The Church is **GRANTED** leave to amend its slander of title claim, and an amended complaint, if any, shall be filed no later than July 31, 2012.

Dated this 24th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge